[Ed. Note.—For other cases, see Burglary, Cent. Dig. §§ 94–103, 109; Dec. Dig. § 41.*]

Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge.

Emmet Briscoe was convicted of burglary, and he appeals. Affirmed.

G. Q. Youngblood and A. S. Baskett, both of Dallas, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of burglary; his punishment being assessed at five years' confinement in the penitentiary.

There were no bills of exception reserved to the rulings of the court. We are of opinion there was no error in the action of the court submitting the question to the jury as to whether or not Worthington was an accomplice. It is not by any means a clear question that he was an accomplice. There is evidence by which the jury could have found he was not an accomplice.

The next proposition urged is the insufficiency of the evidence. It is a case purely of circumstantial evidence, but we are of the opinion the jury was warranted in concluding that appellant was guilty of the burglary. Some one entered the house in the absence of the owner. This was at night. The evidence further shows that appellant sold some of the goods that came out of the house, and was in possession of the property immediately after the burglary. Worthington's testimony excludes himself from participancy in the burglary, but is sufficiently close to show that appellant was in possession of the goods that came out of the house immediately after the burglary. Some of the goods taken from the house were sold by appellant, and Worthington is shown to have been with him at the time he sold the goods. The goods were found at the place where appellant sold them, and he was fairly well identified as the taker and seller to justify the conclusion of the jury. Worthington testified he did not go to the house, and did not know it was burglarized; but he was with appellant shortly before, and was asked by appellant to wait a little while, while he went away. He was gone a short time, and returned with the property shown to have come out of the house. Worthington says he was not present at the burglary; but when appellant rejoined him, having the goods, they went to a certain place where some of the goods were sold. The purchaser was not accurate or clear in his statement that appellant was the man; but he did say in his judgment he was the same man, and Worthington testified he was the same man, and that he was with him. The purchaser says Worthington was present, but not participating in the sale; that he stood off a short distance from the house, while he bought the goods from the man he identified as appellant. It is unnecessary to go into a detailed statement of the circumstances which tend to connect appellant with the matter, or those which tend to disconnect him with it. It was peculiarly a case on the facts, and one which the jury could believe either way, owing to their conclusion as to the reliability of the witnesses and the facts and circumstances. We would not feel justified under the evidence in reversing the judgment.

The judgment is therefore affirmed.

---

## WALKER v. STATE.

(Court of Criminal Appeals of Texas. June 19, 1912.)

CRIMINAL LAW (§ 1097*) — APPEAL — STATEMENT OF FACTS—NECESSITY.

Neither an order denying a new trial nor an order refusing a postponement is reviewable, in the absence of a statement of facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2862, 2864, 2926, 2934, 2938, 2939, 2941, 2942, 2947; Dec. Dig. § 1097.*]

Appeal from District Court, Bowie County; P. A. Turner, Judge.

George W. Walker was convicted of violating the prohibition law, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. The appellant was convicted of violating the prohibition law in Bowie county, a felony, and his penalty fixed at two years in the penitentiary.

There is neither a statement of facts nor bills of exceptions. The only questions attempted to be raised are by the motion for new trial and the overruling of defendant's application for a postponement. Neither of these matters can be considered by this court, in the absence of a statement of facts. The uniform holding, under such circumstances, is to affirm the judgment on the presumption, which we must indulge, that there is no error in the action of the lower court.

The judgment is affirmed.

DAVIDSON, P. J., not sitting.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes